UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SHARON WATTS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF TAFT, TEXAS, and<br>OFFICER ROBERTO M. MORENO,<br>*Individually*;<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§    Civil Action No. 2:21-CV-33<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Sharon Watts (hereinafter referred to as "Watts", or "Plaintiff"), Plaintiff in the above-titled and numbered cause, and files this First Amended Complaint of and against Roberto Moreno also known as Robert Moreno (hereinafter referred to as "Officer Moreno", "Moreno", or "Defendant"), and City of Taft, Texas (hereinafter referred to as "Taft", "City of Taft", or "Defendant"), and for cause of action would show the Court as follows:

### A. Parties

1. Plaintiff, Sharon Watts, is an individual who resides in San Antonio, Bexar County, Texas and all times relevant to the allegations of this complaint was a citizen of the United States.

2. Defendant, Roberto M. Moreno, is a United States and Texas citizen and Licensed Officer, formerly with the Taft Police Department. Defendant Moreno has entered an appearance in this

matter; no service is necessary at this time. At all relevant times to this action, Defendant Moreno was acting under the color of law.

3. Defendant, City of Taft, Texas, is a city in Texas. Defendant City of Taft has entered an appearance in this matter; no service is necessary at this time.

### B. Jurisdiction and Venue

4. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(a)(3), (4) relating to actions arising under 42 U.S.C. § 1983 and by 28 U.S.C. § 1331 (federal question).

6. Venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. § 1391. Plaintiff's claims arose in whole or in part in the Southern District of Texas.

### C. Background Facts – Defendant Moreno

7. On August 6, 2019, Sharon Watts was placed under arrest during a traffic stop for suspicion of possession of a controlled substance by Officer Moreno. Officer Moreno wore a standard City of Taft Police Department uniform, drove a marked City of Taft Police Department vehicle, and acted under the color of law.

8. Officer Moreno placed Ms. Watts in handcuffs then placed her in the back seat of his patrol vehicle.

9. Officer Moreno then manipulated his body camera in an apparent effort to turn off the recording, or otherwise obscure the view of the camera. However, video and audio of the incident continued to record.

10. Officer Moreno asked Ms. Watts if she had any contraband on her person. Ms. Watts

replied, "I'll go for a full body cavity search as long as you do it." When Officer Moreno stated that he will, "take her up on her offer," she replied, "Sorry, that was wrong."

11. Officer Moreno then laughed and stated that he "will still do the search" before he took Ms. Watts out of the back seat of the patrol vehicle. Officer Moreno then placed his hand inside Ms. Watts' bra, massaged her breasts, rubbed her vaginal area, massaged her breasts again, and attempted to kiss Ms. Watts. Ms. Watts turned away from the attempted kiss.

12. At this point Officer Moreno placed Ms. Watts back in the back seat of the patrol vehicle and transported her to the San Patricio County Jail where she was booked for possession of a controlled substance.

13. Throughout the arrest and detention Officer Moreno failed to follow standard police procedure and violated the Constitutional rights of Ms. Watts.

14. Defendant Moreno was arrested by Texas Rangers on August 28, 2019 for Improper Sexual Activity with Person in Custody (Texas Penal Code §39.04).

**D. Background Facts – Defendant City of Taft and City of Taft Police Department**

15. On January 27, 2014, Defendant Moreno was removed—three days prior to graduation—from the Corpus Christi Police Academy following allegations of assault against a female cadet with whom Moreno was in a romantic relationship.

16. While working as a jailer at the Nueces County Jail in 2015, Defendant Moreno was a marginal employee with multiple no call/no show incidents, as well as a need to improve his communication with superiors and the public. Defendant Moreno was also involved in a use of force incident where Moreno was alleged to have punched a person in custody in the face while the inmate had been detained in handcuffs.

17. After attaining his peace officer license from Victoria College in 2015, Defendant Moreno

was hired at the City of Beeville Police Department. Defendant Moreno continued a pattern of disciplinary issues such as: failed to report for duty, speeding, wrecked a patrol unit, failed to secure evidence, inappropriate interactions with members of the public which included multiple complaints by female civilians that Defendant Moreno's behavior had made them uncomfortable, repeated failure to properly use and maintain his body worn camera and "accidentally" deleted footage before it could be uploaded, and allegations of sexual misconduct with a civilianwhile on duty and in his assigned patrol unit. This relationship culminated in a confrontation between Moreno and the woman which resulted in the Beeville police department responding to the location. Defendant Moreno was suspended indefinitely and later resigned from the Beeville Police Department on November 1, 2017.

18. Defendant Moreno applied to the City of Taft Police Department in September 2018. In his application he signed an authorization allowing the full investigation and verification of his personal history and background and the disclosure of all records public, private, and confidential.

19. Upon information and belief, Defendant Officer Moreno has a history of sexual misconduct while on duty as a police officer for City of Taft. Defendant City of Taft knew or should have known of multiple allegations—that constitute a propensity for sexual misconduct by Defendant Moreno—have been made against Defendant Moreno prior to the assault of Plaintiff Watts. Defendant City of Taft failed to take action to discipline or train Defendant Moreno.

20. Upon information and belief, City of Taft knew or should have known of previous instances of misconduct, both sexual and non-sexual in nature, committed by Defendant Moreno while performing his duties as a police officer for the City of Beeville, Nueces County Jail, and during police training at the Corpus Christi Police Academy. City of Taft failed to investigate Defendant Moreno's background and was therefore deliberately indifferent to the long history of misconduct.

Had City of Taft exercised adequate scrutiny of Defendant Moreno's background, a reasonable policymaker with the City of Taft would have been led to conclude that the plainly obvious consequence of the decision to hire Defendant Moreno would be the deprivation of a third party's—such as Plaintiff's—federally protected rights.

21. On August 25, 2021, Defendant Moreno pleaded guilty to the felony offenses of: § 39.04 - Violations of the Civil Rights of Person in Custody; Improper Sexual Activity With Person in Custody or Under Supervision, and § 37.09 – Tampering With or Fabricating Physical Evidence.

22. Upon information and belief, Defendant City of Taft consciously and with deliberate indifference to Plaintiff's rights, failed to take steps to prevent Moreno's abuse and violation of Constitutional rights by failing to train or discipline Defendant Moreno. Defendant City of Taft's failure to take steps to prevent Defendant Moreno's abuse of Constitutional rights resulted in the sexual assault of Plaintiff by Defendant Moreno and caused Plaintiff's injuries and damages.

23. At all material times, Defendant Moreno was acting under color of his official authority as a police officer for Defendant City of Taft, and as persons for purposes of 42 USC § 1983 and the acts complained of were performed under color of state law.

24. At all material times, Defendant Moreno was a servant, agent, and employee of Defendant City of Taft, so that his acts are imputed to Defendant City of Taft. Defendant Moreno was acting pursuant to specific orders and directives from Defendant City of Taft, and Defendant City of Taft provided him with an official badge and identification card which designated and described its bearer as a police officer of Defendant City of Taft.

25. At all material times, Defendant Moreno acted under color and pretense of law, to wit, under color of the statutes, ordinances, regulations, customs, and usage of the State of Texas and of Defendant City of Taft. Defendant Moreno engaged in the conduct mentioned herein and above

recklessly and with callous disregard for the rights for Plaintiff Watts, causing injury to Plaintiff Watts, and depriving Plaintiff Watts of the rights, privileges, and immunities secured to her by the Fourteenth Amendment to the United States Constitution by the laws of the Unites States.

26. At all material times, Defendant City of Taft was responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for injury occasioned thereby. Defendant City of Taft was the public employer of Defendant Moreno at all times relevant to this petition.

### D. Count 1 - Violation of 42 U.S.C. §1983

27. Plaintiff brings claims pursuant to 42 U.S.C. §1983. Plaintiff has a valid claim under this statute because Plaintiff has cognizable liberty interests to due process of law and to be free from unreasonable search and seizure by a police officer pursuant the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. In support of Count 1, Plaintiff incorporates the allegations contained in Paragraphs 9-22, *Supra*. At all times, Defendant Moreno was acting under color of his office and employment as an officer for the City of Taft Police Department.

28. Plaintiff has cognizable liberty interests to be free from unreasonable search and seizure by police officers pursuant the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff was deprived of her liberty interest when she was subjected to an unreasonable search where Plaintiff was sexually assaulted by Defendant Moreno.

29. Defendant Moreno's unlawful search on Plaintiff took place under color of law. At all times, Defendant Moreno acted within the course and scope of his employment with the City of Taft Police Department.

30. Defendant Moreno was aware that his conduct was unlawful and violated Plaintiff's civil

rights by committing improper sexual contact with a person in custody.

31. Plaintiff has suffered a violation of her civil rights as protected by the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

### E. Count 2 - Violation of 42 U.S.C. §1983 – Negligent Hiring

32. At all times relevant to this petition, Defendant Moreno, as a police officer of Defendant City of Taft, acted under the direction and control of Defendant City of Taft.

33. Acting under color of law and pursuant to official policy or custom, Defendant City of Taft, with deliberate indifference, failed to act as a reasonable policymaker and exercise adequate scrutiny when it reviewed (and/or did not review) the background of Defendant Moreno, and subsequently decided to hire Defendant Moreno as a licensed Texas Peace Officer with the City of Taft. Had City of Taft exercised adequate scrutiny, the plainly obvious consequence of hiring Defendant Moreno would be the deprivation of federally protected rights of Plaintiff Watts, specifically related to the disciplinary history of Defendant Moreno are the violations of:

   a. Unlawfully and maliciously harassing Plaintiff Watts who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

   b. Unlawfully and maliciously arresting and imprisoning Plaintiff Watts who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

   c. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff Watts by the constitution and laws of the United States and the laws of the State of Texas; and

   d. Otherwise depriving Plaintiff Watts of her constitutional rights, privileges, and immunities.

34. Defendant City of Taft, had it diligently exercised its duties to exercise adequate scrutiny of Defendant Moreno's background, should have had knowledge that the wrongs conspired to be

done were about to be committed. Defendant City of Taft had the power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence, and with deliberate indifference, knowingly, recklessly, or with gross negligence failed or refused to do so.

35. Defendant City of Taft directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Moreno.

### E. Count 3 - Violation of 42 U.S.C. §1983 – Failure to Train or Supervise

36. At all times relevant to this petition, Defendant Moreno, as a police officer of Defendant City of Taft, acted under the direction and control of Defendant City of Taft.

37. Acting under color of law and pursuant to official policy or custom, Defendant City of Taft with deliberate indifference, knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant Moreno in his duties to refrain from:

  e. Unlawfully and maliciously harassing Plaintiff Watts who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

  f. Unlawfully and maliciously arresting and imprisoning Plaintiff Watts who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

  g. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff Watts by the constitution and laws of the United States and the laws of the State of Texas; and

  h. Otherwise depriving Plaintiff Watts of her constitutional rights, privileges, and immunities.

38. Defendant City of Taft, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be

done were about to be committed. Defendant City of Taft had the power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence, and with deliberate indifference, knowingly, recklessly, or with gross negligence failed or refused to do so.

39. Defendant City of Taft directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Moreno.

### E. Attorney's Fees

40. As a result of Defendants' conduct and their deliberate indifference to Plaintiff's rights, Plaintiff was forced to retain counsel. Plaintiff seeks reasonable and necessary attorney's fees, costs and expenses as allowed by law.

### F. DEMAND FOR JURY TRIAL

41. Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 8(h).

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sharon Watts prays that Defendants be cited to appear and answer herein and that upon a final trial, Plaintiff be awarded as follows:

a. Judgment against Defendant for violations of Plaintiff's civil rights, under 42 U.S.C. §1983;

b. Judgment against Defendant for the following damages:

   1) Damages for reasonable and necessary medical expenses incurred in the past and future;

   2) Damages for pain and suffering in the past and future;

   3) Damages for mental anguish in the past and future;

   4) Damages for lost wages in the past, and the loss of earning capacity to earn in the future;

   5) Exemplary damages against Defendants Defendant Moreno and City of Taft;

   6) Reasonable attorney's fees and costs of court;

7) Pre-judgment and post-judgment interest as allowed by law; and

8) Such other and further relief at law or in equity, special, or general, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,
LAW OFFICE OF ROBERT F. WHITE, P.C.
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 771-5766
Facsimile: (210) 428-6410

By:  */S/Robert F. White*
ROBERT F. WHITE
State Bar No. 24067934
robert@rfwpc.com
Attorney for Plaintiff
*SHARON WATTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all parties and attorneys of record via the CM/ECF system on November 30, 2021, in accordance with the Federal Rules of Civil Procedure and that the undersigned has complied with CM/ECF filing procedures.